■ SHAFIK ZELOUF, Appellant, v REPUBLIC NATIONAL BANK OF NEW YORK, Respondent. [640 NYS2d 15]

The IAS Court properly exercised its discretion in dismissing the action pursuant to CPLR 327 on the ground of forum non conveniens. The record reveals that the subject matter of these breach of contract and fraud claims, disputed trade transactions in the London-based foreign currency account of plaintiff opened by plaintiff in the London office of defendant bank, has a substantial nexus to England; that the majority of the relevant witnesses and documents are located in London, and that it would not be unduly burdensome for plaintiff to pursue the action in England (*see, Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479, *cert denied* 469 US 1108).

Nor did the IAS Court improvidently exercise its discretion in denying renewal since plaintiff failed to offer a valid excuse for failing to submit on the original motion the additional facts, which merely consisted of an opinion from English counsel that fees are higher and that litigation would probably last longer in England than New York (*Matter of Beiny*, 132 AD2d 190, 209-210, *lv dismissed* 71 NY2d 994).

We have reviewed plaintiff's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Wallach, Kupferman and Tom, JJ.