■ STOCKACRE LIMITED, Appellant, v PEPSICO., INC., et al., Respondents. [696 NYS2d 500] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Nicolai, J.), entered April 2, 1998, which granted the motion of the defendant Brewery Group Denmark A/S to dismiss the complaint insofar as asserted against it on the ground of forum non conveniens, and (2), as limited by its brief, from so much of an order of the same court, as, upon reargument, adhered to its prior determination granting the motion of the defendant PepsiCo, Inc., to dismiss the complaint insofar as asserted against it for failure to state a cause of action, and denied the plaintiff's cross motion to amend the complaint.

Ordered that the orders are affirmed, with one bill of costs.

Pursuant to a contract executed in Denmark, the plaintiff, a British corporation, purchased a quantity of carbonated beverages from one of the independent bottlers of the defendant PepsiCo, Inc. (hereinafter PepsiCo), namely, the defendant Brewery Group Denmark A/S (hereinafter Brewery Group), a Danish corporation. The plaintiff then sold the soda to customers in Russia and Poland. In this breach of contract action, the plaintiff alleges, inter alia, that the bottles were defective and/or contained spoiled soda.

The Supreme Court properly granted PepsiCo's motion to dismiss the complaint insofar as asserted against it. The corporate veil between PepsiCo and Brewery Group could not be pierced since the proffered evidence demonstrated that PepsiCo did not exercise sufficient dominion and control over Brewery Group (*see, Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652; *Finkel v Blair & Co.,* 213 AD2d 588).

The complaint was properly dismissed as to Brewery Group on the ground of forum non conveniens. The litigation has no nexus with New York except that PepsiCo, a North Carolina corporation, maintains its principal place of business here. However, as previously noted, PepsiCo is an improper party, and all relevant documents and potential witnesses are located in Denmark, Russia, or other European countries. The plaintiff has available to it another forum, Denmark, and has, in fact, commenced an action in the Danish courts based upon the same set of facts underlying this action (*see,* CPLR 327; *Islamic Republic of Iran v Pahlavi,* 62 NY2d 474, *cert denied* 469 US 1108).

The appellant's remaining contentions are without merit. Ritter, J. P., Joy, H. Miller and Smith, JJ., concur.