■ ANTONIO L. TURBEL et al., Appellants, v SOCIETE GENERALE et al., Respondents. [716 NYS2d 563] —Order, Supreme Court, New York County (Charles Ramos, J.), entered July 15, 1999, which granted the motion of defendant Banco Supervielle Societe Generale to dismiss the complaint as against it pursuant to CPLR 3211 for lack of personal jurisdiction, unanimously affirmed, with costs.

The motion court properly concluded that jurisdiction over defendant Banco Supervielle had not been established, either pursuant to CPLR 301 or 302 (a), since no evidence was adduced to justify the conclusion that Banco Supervielle, an Argentine entity, itself or through an agent, regularly conducted or transacted business in this State (*see, Laufer v Ostrow*, 55 NY2d 305, 310; *Faravelli v Bankers Trust Co.*, 85 AD2d 335, *affd* 59 NY2d 615). Although plaintiffs request additional discovery on the jurisdictional issue, the record affords no non-speculative ground for plaintiffs' belief that further discovery will yield evidence supportive of a different conclusion (*cf., Amigo Foods Corp. v Marine Midland Bank-N. Y.*, 39 NY2d 391, 396). Concur—Nardelli, J. P., Williams, Mazzarelli, Andrias and Saxe, JJ.