ERNST V. WENTZEL, Respondent, v ALLEN MACHINERY, INC., et al., Appellants. [716 NYS2d 699] —In an action to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Westchester County (Rudolph, J.), dated November 17, 1999, which denied their motion to dismiss the complaint on the ground of forum non conveniens.

Ordered that the order is reversed, with costs, in the exercise of discretion, the motion is granted, and the complaint is dismissed on condition that within 30 days after service upon them of a copy of this decision and order with notice of entry

the defendants stipulate (1) to accept service of process in a new action upon the same causes of action as those asserted in the instant complaint in the States of California or Oregon and waive any objection to personal jurisdiction in said new action, and (2) to waive any defense of the Statute of Limitations not available in New York at the time of the commencement of this action, all provided that said new action is commenced within 60 days after the date of execution of the stipulation; in the event that the defendants fail to so stipulate, then the order is affirmed, with costs.

It is well established that New York courts are not compelled to retain jurisdiction in any case which has no substantial nexus to New York (*see, Silver v Great Am. Ins. Co.,* 29 NY2d 356, 361; *Stamm v Deloitte & Touche,* 202 AD2d 413, 414). The burden rests upon the defendant challenging the forum to demonstrate that private or public interests militate against litigation going forward in this State. The doctrine of forum non conveniens rests upon principles of justice, fairness, and convenience (*see, Islamic Republic of Iran v Pahlavi,* 62 NY2d 474, 479, *cert denied* 469 US 1108).

The motion is addressed to the sound discretion of the court, and its determination will not be disturbed on appeal unless the court failed to consider all of the relevant factors (*see, National Bank & Trust Co. v Banco De Vizcaya,* 72 NY2d 1005, *cert denied* 489 US 1067). Among the factors which the court must weigh when deciding a motion to dismiss on such ground are the residency of the parties, the potential hardship to proposed witnesses, the availability of an alternative forum, the situs of the underlying action, and the burden which will be imposed upon the New York courts, with no one single factor controlling (*see, Islamic Republic of Iran v Pahlavi, supra; Stamm v Deloitte & Touche, supra*).

Here, the defendants promptly moved to change venue, neither party resides in New York, the sales agreements at issue were not negotiated or executed in New York, the main subject matter of the sales agreements involved business transactions which were not to take place in New York, and the defendants would have to travel 3,000 miles to defend what the plaintiff's own attorney characterizes as a "very simple" claim. In addition, there is another more convenient forum available to the plaintiff in either California or Oregon, and the subject matter of the lawsuit does not have a sufficient nexus, if any, to New York. Thus, it was an improvident exercise of discretion to deny the defendants' motion notwithstanding that the Supreme Court determined that the action would pose no "undue

burden" on the court (*see, Bader & Bader v Ford,* 66 AD2d 642; *Nyman & Son v United States Lines,* 44 AD2d 516; *cf., Chrysler Capital Corp. v Citibank,* 186 AD2d 393). Bracken, J. P., Santucci, Altman and Florio, JJ., concur.