◼ TWINLAB CORPORATION et al., Respondents, v TERRY PAULSON, Appellant, et al., Defendant. [724 NYS2d 496] —In an action, *inter alia,* to recover damages for breach of a merger agreement, the defendant Terry Paulson appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), dated May 23, 2000, which denied his motion pursuant to CPLR 3211 (a) (7) to dismiss the fourth cause of action.

Ordered that the order is affirmed, with costs.

Following the merger of a corporation founded by the defendants Terry Paulson and Scott Paulson with a subsidiary of the plaintiff Twinlab Corporation, the defendants entered into separate consultant agreements with the newly-formed corporation, the plaintiff Changes International of Fort Walton Beach, Inc. (hereinafter Changes). The plaintiffs commenced this action in which they allege, *inter alia*, a violation of the merger agreement and a tort cause of action against the appellant, Terry Paulson, based on Florida's civil RICO statute (Fla Stat Annot, tit 45, ch 772).

We agree with the Supreme Court that the choice of law provision in the consultant agreement between Changes and the appellant did not preclude the plaintiffs from asserting a tort cause of action against him based on the Florida statute. The choice of law provision stated, *inter alia*, that the "validity, interpretation, construction and performance" of the agreement would be governed by and construed in accordance with New York law. It also designated New York as the forum for any actions "relating directly or indirectly" to the consultant agreement. As the plaintiffs' tort cause of action was based on the appellant's alleged criminal activities, which were unrelated to his duties as a consultant, we conclude that the contractual choice of law provision does not govern the law to be applied to that cause of action (*see, Knieriemen v Bache Halsey Stuart Shields,* 74 AD2d 290; *Krock v Lipsay,* 97 F3d 640; *see also, Hodom v Stearns,* 32 AD2d 234). Accordingly, the Supreme Court properly denied the appellant's motion to dismiss the tort cause of action. Friedmann, J. P., Goldstein, Feuerstein and Crane, JJ., concur.