■ LAHBIBA CHEGGOUR, Respondent, v HAYET R'KIKI et al., Appellants. [740 NYS2d 391] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Held, J.), dated August 6, 2001, which denied their motion to dismiss the complaint on the ground of forum non conveniens.

Ordered that the order is reversed, in the exercise of discretion, with costs, the motion is granted, and the complaint is dismissed on condition that within 30 days after service upon them of a copy of this decision and order, the defendants stipulate (1) to accept service of process in a new action in the State of West Virginia upon the same causes of action as those asserted in the instant complaint and waive any objection to personal jurisdiction in that new action, and (2) to waive any defense of the statute of limitations not available in New York at the time of the commencement of this action, all provided that the new action is commenced within 30 days after the date of the execution of the stipulation; in the event that the defendants fail to so stipulate, then the order is affirmed, with costs.

New York courts are not compelled to retain jurisdiction in any case which has no substantial nexus to New York (*see Silver v Great Am. Ins. Co.,* 29 NY2d 356, 361; *Wentzel v Allen Mach.,* 277 AD2d 446, 447). The burden rests on the defendant challenging the forum to demonstrate that private or public interests militate against litigation going forward in this State, and the determination of the court will not be disturbed on appeal unless the court has failed to properly consider all the relevant factors (*see National Bank & Trust Co. v Banco De Vizcaya,* 72 NY2d 1005, *cert denied* 489 US 1067; *Islamic Republic of Iran v Pahlavi,* 62 NY2d 474, *cert denied* 469 US 1108). Among the factors which the court must weigh when deciding a motion to dismiss on the ground of forum non conveniens are "the residency of the parties, the potential hardship to proposed witnesses, the availability of an alternative forum, the situs of the underlying action, and the burden which will be imposed upon the New York courts, with no single factor controlling" (*Wentzel v Allen Mach., supra* at 447; *see also, Islamic Republic of Iran v Pahlavi, supra* at 479).

Here, the parties do not currently reside in New York. The defendant Hayet R'Kiki only resided in New York while she attended a local college for one semester. The accident occurred in West Virginia. The occupants of the vehicle are all French citizens who at the time resided in either Virginia or Maryland. The defendant Peter Thomson resides in Maryland and the subject vehicle is registered there. An eyewitness resided in Delaware. All of the emergency and law enforcement personnel resided in West Virginia. All medical treatments took place in either West Virginia, Washington, D.C., or Paris, France. West Virginia is a more convenient forum for this action. There is no evidence that the Supreme Court considered all of the relevant factors when this motion was decided. Under the circumstances of this case, it was an improvident exercise of discretion to deny the defendants' motion (*see National Bank & Trust Co. v Banco DeVizcaya, supra; Islamic Republic of Iran v Pahlavi, supra; Wentzel v Allen Mach., supra*). Ritter, J.P., Smith, Friedmann and Cozier, JJ., concur.