■ HARLEYSVILLE INSURANCE COMPANY, Respondent, v ERMAR PAINTING AND CONTRACTING, INC., Appellant. [777 NYS2d 661]—

In an action for a judgment declaring, inter alia, that a certain insurance policy was void ab initio, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (LaCava, J.), entered October 14, 2003, as denied those branches of its motion which were, among other things, to dismiss the complaint on the ground of forum non conveniens and to change the venue of the action from Westchester County to Kings County.

Ordered that the order is affirmed insofar as appealed from, with costs.

Among the factors which a court must weigh when deciding a motion to dismiss on the ground of forum non conveniens are "the residency of the parties, the potential hardship to proposed witnesses, the availability of an alternative forum, the situs of the underlying action, and the burden which will be imposed upon the New York courts, with no one single factor controlling" (*Wentzel v Allen Mach.*, 277 AD2d 446, 447 [2000]; *cf. Cheggour v R'Kiki*, 293 AD2d 507, 508 [2002]). "The burden rests on the defendant challenging the forum to demonstrate that private or public interests militate against litigation going forward in this State, and the determination of the court will not be disturbed on appeal unless the court has failed to properly consider all the relevant factors" (*Cheggour v R'Kiki, supra* at 508; *see National Bank & Trust Co. of N. Am., Ltd. v Banco De Vizcaya, S.A.*, 72 NY2d 1005 [1988], *cert denied* 489 US 1067 [1989]).

The defendant has a place of business in New York, and the insurance policy was issued in accordance with the New York Insurance Law and incorporates mandatory New York policy language. The only New Jersey nexus was that the underlying wrongful death action arose there. Moreover, the defendants failed to meet their burden of showing the existence of a more convenient forum than New York (*see Seneca Ins. Co. v Lincolnshire Mgt.*, 269 AD2d 274, 275 [2000]).

Further, a demand to change venue based on the designation of an improper county (*see* CPLR 510 [1]) "shall be served with the answer or before the answer is served" (CPLR 511 [a]). Since the defendant failed to serve a timely demand for a change of venue and failed to make a motion within the 15-day period required under the statute (*see* CPLR 511 [b]), it was not entitled to a change of venue as a matter of right (*see Runcie v Cross County Shopping Mall*, 268 AD2d 577 [2000]; *Singh v Becher*, 249 AD2d 154 [1998]).

The defendant's remaining contentions are without merit. Smith, J.P., S. Miller, Crane and Rivera, JJ., concur.