■ CHARLES STRAVALLE et al., Respondents, v LAND CARGO, INC., et al., Defendants and Third-Party Plaintiff-Appellants, et al., Defendant. CHEMQUEST, INC., et al., Third-Party Defendants-Respondents. [835 NYS2d 606]—

In an action to recover damages for personal injuries, in which a third-party action was interposed for indemnification or contribution, the defendants third-party plaintiffs Land Cargo, Inc., and Fabio A. Garro, sued herein as Alberto Garro, appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), entered December 30, 2005, as granted those branches of the motion of the third-party defendant Bigler Trading Company, L.P., which were pursuant to CPLR 327 and 3211 (a) (1) to dismiss the third-party complaint insofar as asserted against it, and granted that branch of the separate motion of the third-party defendant Chemquest, Inc., which was pursuant to CPLR 3211 (a) (8) to dismiss the third-party complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The Supreme Court properly determined that dismissal of the third-party action insofar as asserted by the defendant third-party plaintiff Land Cargo, Inc. (hereinafter Land Cargo), as against the third-party defendant Bigler Trading Company, L.P. (hereinafter Bigler), was warranted based on a forum selection clause contained in a bill of lading signed by Bigler and the de-

fendant third-party plaintiff Fabio A. Garro, sued herein as Alberto Garro, on behalf of Land Cargo. "A contractual forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court" (*LSPA Enter., Inc. v Jani-King of N.Y., Inc.*, 31 AD3d 394, 395 [2006]; *see Brooke Group v JCH Syndicate 488*, 87 NY2d 530, 534 [1996]; *Best Cheese Corp. v All-Ways Forwarding Int'l. Inc.*, 24 AD3d 580, 581 [2005]; *Fleet Capital Leasing/Global Vendor Fin. v Angiuli Motors, Inc.*, 15 AD3d 535, 536 [2005]; *Premium Risk Group v Legion Ins. Co.*, 294 AD2d 345, 346 [2002]). Land Cargo failed to make the requisite showing that any of those factors are operative here.

The Supreme Court also properly dismissed the third-party action insofar as asserted by Garro as against Bigler on the ground of forum non conveniens. On a motion to dismiss on the ground of forum non conveniens, the burden is on a defendant challenging the forum to demonstrate relevant private or public interest factors which militate against accepting the litigation (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]; *cf. Korea Exch. Bank v A.A. Trading Co.*, 8 AD3d 344, 345 [2004]). The court has discretion as to whether to retain jurisdiction (*see National Bank & Trust Co. of N. Am. v Banco De Vizcaya*, 72 NY2d 1005, 1007 [1988], *cert denied* 489 US 1067 [1989]; *Islamic Republic of Iran v Pahlavi, supra* at 479). The court's determination generally will not be disturbed on appeal unless the court has failed to properly consider all the relevant factors (*see National Bank & Trust Co. of N. Am. v Banco De Vizcaya, supra* at 1007; *Islamic Republic of Iran v Pahlavi, supra* at 479; *Cheggour v R'Kiki*, 293 AD2d 507, 508 [2002]). Among the factors the court must weigh are "the residency of the parties, the potential hardship to proposed witnesses, the availability of an alternative forum, the situs of the underlying action, and the burden which will be imposed upon the New York courts, with no one single factor controlling" (*Wentzel v Allen Mach.*, 277 AD2d 446, 447 [2000]). Here, the Supreme Court considered the relevant factors involved. Under the circumstances of this case, the court's determination should not be disturbed (*cf. Cheggour v R'Kiki, supra*).

The Supreme Court also properly found that personal jurisdiction over the third-party defendant Chemquest, Inc. (herein-

after Chemquest), pursuant to CPLR 302 (a) (1), (2), or (3) (ii) was lacking, and that further discovery on the jurisdictional issue with respect to Chemquest was unwarranted (*see Warck-Meister v Diana Lowenstein Fine Arts*, 7 AD3d 351, 352 [2004]; *Turbel v Societe Generale*, 276 AD2d 446, 447 [2000]).

In view of our determination, we need not reach the parties' remaining contentions. Crane, J.P., Krausman, Covello and Carni, JJ., concur.