■ MALKA ERICA ROSENBERG, Respondent, v STIKEMAN ELLIOTT, LLP, Appellant. [843 NYS2d 433]—

In an action to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Kings County (Held, J.), dated September 28, 2006, which denied its motion to dismiss the complaint on the ground of forum non conveniens.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the motion to dismiss the complaint is granted.

"The common-law doctrine of forum non conveniens, also

articulated in CPLR 327 (a), permits a court to stay or dismiss . . . actions where it is determined that the action, although jurisdictionally sound, would be better adjudicated elsewhere" (*Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478-479 [1984], *cert denied* 469 US 1108 [1985]). In a motion to dismiss the complaint on the ground of forum non conveniens, the burden is on the defendant challenging the forum to demonstrate relevant private or public interest factors which militate against accepting the litigation in that forum (*id.* at 479; *see Stravalle v Land Cargo, Inc.*, 39 AD3d 735, 736 [2007]; *Korea Exch. Bank v A.A. Trading Co.*, 8 AD3d 344 [2004]). The court has discretion whether to retain jurisdiction (*see National Bank & Trust Co. of N. Am. v Banco De Vizcaya*, 72 NY2d 1005, 1007 [1988], *cert denied* 489 US 1067 [1989]; *Islamic Republic of Iran v Pahlavi*, 62 NY2d at 479). The court's determination will not be disturbed on appeal unless the court has failed to properly consider all of the relevant factors (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d at 479; *Cheggour v R'Kiki*, 293 AD2d 507, 508 [2002]). Among the factors the court must weigh are "the residency of the parties, the potential hardship to proposed witnesses, the availability of an alternative forum, the situs of the underlying action, and the burden which will be imposed upon the New York courts, with no one single factor controlling" (*Wentzel v Allen Mach.*, 277 AD2d 446, 447 [2000]; *see Economos v Zizikas*, 18 AD3d 392, 394 [2005]; *Shin-Etsu Chem. Co., Ltd. v ICICI Bank Ltd.*, 9 AD3d 171, 175 [2004]; *Harleysville Ins. Co. v Ermar Painting & Contr., Inc.*, 8 AD3d 229 [2004]).

The Supreme Court failed to indicate that it considered any of the relevant factors (*see National Bank & Trust Co. of N. Am. v Banco De Vizcaya*, 72 NY2d at 1007; *Stravalle v Land Cargo, Inc.*, 39 AD3d at 736). These factors strongly militate against adjudicating the action in the Supreme Court (*see Martin v Mieth*, 35 NY2d 414, 418 [1974]; *Dawson v Seenardine*, 232 AD2d 521 [1996]; *Zelouf v Republic Natl. Bank of N.Y.*, 225 AD2d 419 [1996]; *Manaster v Northstar Tours*, 193 AD2d 651, 651-652 [1993]). It is undisputed that the plaintiff's legal malpractice and recoupment claims against the defendant all arose out of probate actions undertaken in Montreal, Canada, by Canadian attorneys, to which Canadian law would be applicable. Even if the plaintiff possesses residences or domiciles both in New York and Canada (*see Westwood Assoc. v Deluxe Gen.*, 53 NY2d 618, 619 [1981]; *Holness v Maritime Overseas Corp.*, 251 AD2d 220, 224 [1998]), she already had availed herself of Canadian courts in the past, not only in the related probate action, but also in an almost identical matter involving the payment of legal fees for the probate matter (*see Hbouss v Bank of Montreal*,

23 AD3d 152 [2005]; *Stockacre Ltd. v PepsiCo, Inc.,* 265 AD2d 398, 399 [1999]).

Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying the defendant's motion to dismiss the complaint on the ground of forum non conveniens (*see National Bank & Trust Co. of N. Am. v Banco De Vizcaya,* 72 NY2d 1005 [1988]; *Islamic Republic of Iran v Pahlavi,* 62 NY2d 474 [1984]; *Stravalle v Land Cargo, Inc.,* 39 AD3d at 736; *Wentzel v Allen Mach.,* 277 AD2d at 446). Miller, J.P., Goldstein, Skelos and Balkin, JJ., concur.