RICHARD TOURTELLOT, Plaintiff, v HARZA ARCHITECTS, ENGINEERS AND CONSTRUCTION MANAGERS et al., Defendants, and DANIEL WOODHEAD COMPANY et al., Defendants and Third-Party Plaintiffs-Appellants. KENALL MANUFACTURING COMPANY, Third-Party Defendant-Respondent. [866 NYS2d 793]—

---

Carpinello, J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered March 10, 2008 in Schenectady County, which, among other things, granted third-party defendant's motion to dismiss the third-party complaint.

At all times relevant to this action, third-party defendant, Kenall Manufacturing Company, provided portable magnetic light fixtures to defendant Daniel Woodhead Company and/or defendant Woodhead L.P. (hereafter collectively referred to as Woodhead) pursuant to a private label purchasing agreement. The agreement contained a warranty clause pursuant to which Kenall warranted that all goods purchased would be free from defects and an indemnification clause whereby Kenall agreed to defend and indemnify Woodhead in the event one of these light fixtures caused personal injury to a third party. The agreement also contained the following forum selection clause: "JURISDICTION: Venue over any dispute arising under or in connection with this Purchase Order shall reside exclusively in the state and federal courts located in the Counties of Boone and Cook, in the state of Illinois, and Purchaser and Seller consent to the personal jurisdiction of such courts."

After being struck in the head by one of Kenall's falling light fixtures, plaintiff commenced this action against, among other entities, Woodhead sounding in negligence, strict products liability and breach of warranty. When Kenall refused to defend and indemnify Woodhead in plaintiff's action, Woodhead commenced a third-party action against Kenall seeking contribution and/or common-law as well as contractual indemnification based on allegations of negligence and breach of contract. Kenall thereafter successfully moved to amend its answer to assert an affirmative defense based on the forum selection clause and won dismissal of the third-party complaint based on this defense. Woodhead now appeals.

Woodhead argues that the forum selection clause in the agreement with Kenall "was never intended to apply to third-party claims in personal injury and products liability actions such as . . . plaintiff's action here" and, therefore, Supreme Court erred

in dismissing the complaint. We are unpersuaded. First, under its broad and unequivocal terms, the applicability of the subject forum selection clause does not turn on the type or nature of the dispute between them; rather, it applies to "any dispute arising under or in connection with" their agreement (*see e.g. Roby v Corporation of Lloyd's*, 996 F2d 1353, 1361 [1993], *cert denied* 510 US 945 [1993]; *WMW Mach., Inc. v Werkzeugmaschinenhandel GmbH IM Aufbau*, 960 F Supp 734, 747 [1997]; *Triple Z Postal Servs., Inc. v United Parcel Serv., Inc.*, 13 Misc 3d 1241[A], 2006 NY Slip Op 52202[U], *6-9 [2006]). Moreover, and more importantly, there can be no dispute that the third-party action was prompted by Kenall's alleged breach of the agreement when it failed to defend and indemnify Woodhead in this action. As described in an affidavit of Woodhead's attorney, "[d]espite its *contractual obligation to do so*, Kenall refused to defend and indemnify Woodhead in this action. . . . *Accordingly*, on or about April 26, 2007, Woodhead commenced this third-party action against Kenall" (emphasis added). Since the essence of Woodhead's third-party complaint is to seek enforcement of its contractual right to indemnification under the agreement (*cf. Armco Inc. v North Atl. Ins. Co. Ltd.*, 68 F Supp 2d 330, 340 [1999]), the complaint does indeed concern a dispute arising under or in connection with that agreement such that the forum selection clause is applicable and, once invoked by Kenall, should be enforced (*see e.g. Roby v Corporation of Lloyd's*, 996 F2d at 1361; *Coastal Steel Corp. v Tilghman Wheelabrator Ltd.*, 709 F2d 190, 203 [1983], *cert denied* 464 US 938 [1983]; *WMW Mach., Inc. v Werkzeugmaschinenhandel GmbH IM Aufbau*, 960 F Supp at 747; *Weingrad v Telepathy, Inc.*, 2005 WL 2990645, 2005 US Dist LEXIS 26952 [SD NY 2005, Mukasey, J.]; *Anselmo v Univision Sta. Group, Inc.*, 1993 WL 17173, 1993 US Dist LEXIS 428 [SD NY 1993, Carter, J.]; *Triple Z Postal Servs., Inc. v United Parcel Serv., Inc., supra*). In addition, Woodhead cannot circumvent application of the forum selection clause by pleading parallel and/or additional related noncontractual claims (*see Roby v Corporation of Lloyd's*, 996 F2d at 1360-1361; *Coastal Steel Corp. v Tilghman Wheelabrator Ltd.*, 709 F2d at 203; *Weingrad v Telepathy, Inc., supra*; *Envirolite Enters., Inc. v Glastechnische Industrie Peter Lisec Gesellschaft M.B.H.*, 53 BR 1007, 1009 [1985], *affd* 788 F2d 5 [1986]).

We have reviewed the cases heavily relied upon by Woodhead in support of its argument that the subject forum selection clause is inapplicable to its third-party claims against Kenall (i.e. *Twinlab Corp. v Paulson*, 283 AD2d 570 [2001]; *Fantis Foods v Standard Importing Co.*, 63 AD2d 52 [1978], *revd on*

*other grounds* 49 NY2d 317 [1980]; *Hodom v Stearns*, 32 AD2d 234, 236 [1969], *appeal dismissed* 25 NY2d 722 [1969]; *Armco, Inc. v North Atl. Ins. Co. Ltd., supra*) and are unpersuaded that any case squarely controls the precise dispute before this Court. We are further unpersuaded that Woodhead has demonstrated a compelling and countervailing reason for excusing enforcement of this bargained-for forum selection clause (*see Stravalle v Land Cargo, Inc.*, 39 AD3d 735, 735-736 [2007]; *Best Cheese Corp. v All-Ways Forwarding Int'l. Inc.*, 24 AD3d 580, 580-581 [2005]; *see also The Bremen v Zapata Off-Shore Co.*, 407 US 1, 12 [1972]; *Technology Express Inc. v FTF Bus. Sys. Corp.*, 2000 WL 222628, 2000 US Dist LEXIS 2006 [SD NY 2000, Kaplan, J.]; *cf. 3H Enters. v Bennett*, 276 AD2d 965 [2000], *lv denied* 96 NY2d 710 [2001]).

Cardona, P.J., Rose, Kane and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.