■ PRESTIGE BRANDS, INC., Appellant, v HOGAN & HARTSON, LLP, et al., Respondents. [885 NYS2d 501]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered January 14, 2009, as granted that branch of the defendants' motion which was to dismiss the complaint on the ground of forum non conveniens.

Ordered that the order is affirmed insofar as appealed from, with costs.

"The common-law doctrine of *forum non conveniens*, also articulated in CPLR 327 (a), permits a court to stay or dismiss [an] action[ ] where it is determined that the action, although jurisdictionally sound, would be better adjudicated elsewhere" (*Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478-479 [1984], *cert denied* 469 US 1108 [1985]). In a motion to dismiss on the ground of forum non conveniens, the burden is on a defendant challenging the forum to demonstrate relevant private

or public interest factors which militate against accepting the litigation here (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d at 479; *Stravalle v Land Cargo, Inc.*, 39 AD3d 735, 736 [2007]). The court's determination will not be disturbed on appeal unless the court has failed to properly consider all the relevant factors (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d at 479; *Cheggour v R'Kiki*, 293 AD2d 507, 508 [2002]). Among the factors the court must weigh are "the residency of the parties, the potential hardship to proposed witnesses, the availability of an alternative forum, the situs of the underlying action, and the burden which will be imposed upon the New York courts, with no one single factor controlling" (*Wentzel v Allen Mach.*, 277 AD2d 446, 447 [2000]; *see Economos v Zizikas*, 18 AD3d 392, 394 [2005]; *Shin-Etsu Chem. Co., Ltd. v ICICI Bank Ltd.*, 9 AD3d 171, 175 [2004]). Here, the Supreme Court considered the relevant factors involved. Under the circumstances of this case, the court's determination should not be disturbed (*see Smolik v Turner Constr. Co.*, 48 AD3d 452, 453-454 [2008]; *Rosenberg v Stikeman Elliott, LLP*, 44 AD3d 840, 841 [2007]; *Stravalle v Land Cargo, Inc.*, 39 AD3d at 736). Spolzino, J.P., Santucci, Florio and Lott, JJ., concur.