■ ILENE SALZSTEIN, Appellant-Respondent, v ERNEST SALZSTEIN, Respondent-Appellant, and ALFRED SKLAVER et al., Respondents. [894 NYS2d 510]—

In an action, inter alia, to recover damages for breach of partnership agreements, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated November 5, 2008, as denied those branches of her cross motion which were for summary judgment on the issue of liability on the cause of action alleging breach of the partnership agreements and for an order of attachment, and the defendant Ernest Salzstein cross-appeals from so much of the same order as denied his motion pursuant to CPLR 327 to dismiss the complaint on the ground of forum non conveniens.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

"The common-law doctrine of *forum non conveniens*, also articulated in CPLR 327 (a), permits a court to stay or dismiss [an action] where it is determined that the action, although jurisdictionally sound, would be better adjudicated elsewhere" (*Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478-479 [1984]; *see* CPLR 327 [a]). On a motion to dismiss on the ground of forum non conveniens, the burden is on a defendant challenging the forum to demonstrate relevant private or public

interest factors which militate against accepting the litigation (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d at 479; *Prestige Brands, Inc. v Hogan & Hartson, LLP*, 65 AD3d 1028, 1029 [2009]; *Stravalle v Land Cargo, Inc.*, 39 AD3d 735, 736 [2007]). The motion is addressed to the sound discretion of the court, and its determination will not be disturbed on appeal unless the court has failed to properly consider and balance all the relevant factors (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d at 479; *Prestige Brands, Inc. v Hogan & Hartson, LLP*, 65 AD3d at 1029; *Cheggour v R'Kiki*, 293 AD2d 507, 508 [2002]). "Among the factors the court must weigh are 'the residency of the parties, the potential hardship to proposed witnesses, the availability of an alternative forum, the situs of the underlying action, and the burden which will be imposed upon the New York courts, with no one single factor controlling' " (*Prestige Brands, Inc. v Hogan & Hartson, LLP*, 65 AD3d at 1029, quoting *Wentzel v Allen Mach.*, 277 AD2d 446, 447 [2000]; *see Islamic Republic of Iran v Pahlavi*, 62 NY2d at 479; *Economos v Zizikas*, 18 AD3d 392, 394 [2005]; *Shin-Etsu Chem. Co., Ltd. v ICICI Bank Ltd.*, 9 AD3d 171, 175 [2004]). Here, the defendant Ernest Salzstein failed to meet his burden of demonstrating that New York was an inconvenient forum for this action involving New York partnerships governed by New York law. Thus, the Supreme Court's denial of his motion was a provident exercise of discretion.

The Supreme Court properly denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging breach of partnership agreements. Triable issues of fact exist as to whether the defendant Anna Salzstein transferred her partnership interests to the defendant Ernest Salzstein by sale or by gift (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Contrary to the plaintiff's contention, the Supreme Court did not improperly consider evidence as to whether a certain promissory note was never intended to take effect. Although parol evidence may not be admitted to contradict, vary, add to, or subtract from the terms of a written agreement, such evidence is admissible to show that "a writing, although purporting to be a contract, is, in fact, no contract at all" (*Dayan v Yurkowski*, 238 AD2d 541, 541 [1997] [internal quotation marks omitted]; *see Smith v Dotterweich*, 200 NY 299, 305 [1911]; *Jurkiewicz v Zechewytz*, 15 AD3d 721 [2005]; *Val-Ford Realty Corp. v J.Z.'s Toy World*, 231 AD2d 434, 435 [1996]; *Paolangeli v Cowles*, 208 AD2d 1174, 1175 [1994]). Accordingly, the parol evidence offered by the defendants may be considered to show that the note, while valid on its face, was never executed or delivered,

and was never intended to take effect (*see Dayan v Yurkowski*, 238 AD2d 541 [1997]; *Paolangeli v Cowles*, 208 AD2d at 1175).

The Supreme Court also correctly denied that branch of the plaintiff's motion which was for an order of attachment, as the plaintiff failed to show that she would be entitled to the money sought (*see* CPLR 6201 [3]). Rivera, J.P., Dickerson, Chambers and Hall, JJ., concur.