■ KEVIN JACKAM et al., Respondents, v NATURE's BOUNTY, INC., et al., Appellants. [895 NYS2d 508]—

In an action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated January 27, 2009, as denied their renewed motion pursuant to CPLR 327 to dismiss the complaint on the ground of forum non conveniens.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, the defendants' motion pursuant to CPLR 327 to dismiss the complaint on the ground of forum non conveniens is granted on condition that the defendants stipulate (1) to accept service of process in a new action in the state of Georgia upon the same causes of action as those asserted in the instant complaint, and (2) to waive any defenses, including that of the statute of limitations not available in New York at the time of the commencement of this action; the plaintiffs' time to commence the new action shall be within 30 days after service of the stipulation upon the plaintiffs; and it is further,

Ordered that the defendants' time to stipulate shall be within 30 days after service upon them of a copy of this decision and order and, in the event that the defendants fail to so stipulate, then the order is affirmed insofar as appealed from, with costs.

The plaintiff Kevin Jackam (hereinafter the injured plaintiff) allegedly was injured after ingesting the dietary supplement Xtreme Lean, which was manufactured and sold by the defendants Nature's Bounty, Inc., and NBTY, Inc. It is undisputed that the injured plaintiff and his wife, Kathryn Jackam, live in Georgia, that the injured plaintiff bought and ingested Xtreme Lean

in Georgia, and that the alleged injury and all of the injured plaintiff's subsequent medical treatment for that alleged injury occurred in Georgia. It is also undisputed that the defendants' principal place of business is in Suffolk County, New York, and at least some of their manufacturing facilities are located in Suffolk County.

The plaintiffs commenced this action against the defendants in November 2004. After some discovery was completed, the defendants moved in March 2006 to dismiss the complaint on the ground of forum non conveniens. The Supreme Court denied the motion without prejudice to renewal after discovery was completed. Accordingly, after discovery was completed, the defendants renewed their motion to dismiss the complaint in September 2008 on the ground of forum non conveniens. The court again denied the motion. We reverse. "The common-law doctrine of *forum non conveniens*, also articulated in CPLR 327 (a), permits a court to stay or dismiss [an action] where it is determined that the action, although jurisdictionally sound, would be better adjudicated elsewhere. In a motion to dismiss on the ground of forum non conveniens, the burden is on a defendant challenging the forum to demonstrate relevant private or public interest factors which militate against accepting the litigation here. The court's determination will not be disturbed on appeal unless the court has failed to properly consider all the relevant factors" (*Prestige Brands, Inc. v Hogan & Hartson, LLP*, 65 AD3d 1028, 1028-1029 [2009] [internal quotation marks and citations omitted]; *see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474 [1984], *cert denied* 469 US 1108 [1985]; *Harleysville Ins. Co. v Ermar Painting & Contr., Inc.*, 8 AD3d 229 [2004]; *Korea Exch. Bank v A.A. Trading Co.*, 8 AD3d 344 [2004]). Among the factors the court must weigh are "the residency of the parties, the potential hardship to proposed witnesses including, especially, nonparty witnesses, the availability of an alternative forum, the situs of the underlying actionable events, the location of evidence, and the burden that retention of the case will impose upon the New York courts" (*Turay v Beam Bros. Trucking, Inc.*, 61 AD3d 964, 966 [2009]). "The court has discretion whether [or not] to retain jurisdiction" (*Rosenberg v Stikeman Elliott, LLP*, 44 AD3d 840, 841 [2007]). The court's determination will not be disturbed on appeal "absent an improvident exercise of . . . discretion or a failure to consider the relevant factors" (*Brinson v Chrysler Fin.*, 43 AD3d 846, 848 [2007]; *see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474 [1984]; *Cheggour v R'Kiki*, 293 AD2d 507, 508 [2002]).

Here, even though the defendants are New York residents,

their renewed motion to dismiss the complaint on the ground of forum non conveniens should have been granted. The record establishes that the injured plaintiff ingested Xtreme Lean in Georgia, and that his alleged injury and all of his subsequent medical treatment for that alleged injury occurred in Georgia. Furthermore, all of the injured plaintiff's treating physicians and his medical records are located in Georgia. There are also additional fact witnesses that reside in Georgia. While the defendants have not produced affidavits from those witnesses showing that it would be a hardship for them to travel to New York to testify, it appears that the plaintiffs have frustrated the defendants' efforts to obtain discovery and depositions from those witnesses in Georgia. This has made it difficult, if not impossible, for the defendants to produce these affidavits. Under these circumstances, since it appears that all or most of the evidence that will be required from the defendants would be in the form of documents, and since the defendants have agreed to be subject to subpoena in Georgia, which appears to be available as an alternate forum, the Supreme Court improvidently exercised its discretion in denying the defendants' renewed motion to dismiss the complaint on the ground of forum non conveniens (*see Prestige Brands, Inc. v Hogan & Hartson, LLP*, 65 AD3d 1028 [2009]; *Brinson v Chrysler Fin.*, 43 AD3d 846 [2007]; *Cheggour v R'Kiki*, 293 AD2d at 508; *Evdokias v Oppenheimer*, 123 AD2d 598 [1986]; *see also Matter of Henry v Skratt*, 11 AD3d 691 [2004]; *cf. Harleysville Ins. Co. v Ermar Painting & Contr., Inc.*, 8 AD3d 229 [2004]).

In order to assure the availability of a forum for the action, our reversal and granting of the defendants' motion to dismiss the complaint pursuant to CPLR 327 is conditioned on the defendants stipulating to waive jurisdictional and statute of limitations defenses (*see* CPLR 327 [a]; *Turay v Beam Bros. Trucking, Inc.*, 61 AD3d 964 [2009]). Fisher, J.P., Florio, Belen and Austin, JJ., concur.