■ SARAH CORSIVO, as Administratrix of the Estate of AUGUST R. CORSIVO, Deceased, Respondent, v M&S HOTELS, LLC, et al., Appellants, and DEC MANAGEMENT, INC., et al., Respondents, et al., Defendants. (Action No. 1.) THOMAS W. SZCZERBACKI, Respondent, v M&S HOTELS, LLC, et al., Appellants, and DEC MANAGEMENT, INC., et al., Respondents, et al., Defendants. (Action No. 2.) [896 NYS2d 921]—

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered January 16, 2009. The order, inter alia, granted that part of the motion of defendants DEC Management, Inc. and Michael Thomas to dismiss the cross claim for contractual indemnification of defendants M&S Hotels, LLC and Mohan Saran in action No. 1.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: These actions alleging common-law negligence and violations of the Labor Law arise out of the partial collapse of a hotel under construction, which resulted in the death of August R. Corsivo, the plaintiff's decedent in action No. 1, and in injury to Thomas W. Szczerbacki, the plaintiff in action No. 2. Supreme Court properly granted that part of the motion of DEC Management, Inc. (DEC) and Michael Thomas (collectively, defendant contractors) seeking dismissal of the cross claim for contractual indemnification asserted by defendant owners against them in each action, i.e., M&S Hotels, LLC and Mohan Saran in action No. 1 and M&S Hotels, LLC and Harinder

Mohan and Manjit Saran Partnership in action No. 2. The court also properly denied the cross motion of defendant owners seeking leave to amend their answers in each action to include a cross claim against DEC for defense and indemnification pursuant to the indemnification provision of the construction contract between, inter alia, M&S Hotels, LLC, Mohan Saran and defendant contractors. Contrary to the contention of defendant owners, the forum selection provision of that contract unequivocally requires that all legal proceedings arising thereunder shall be litigated in Fulton County, Georgia, and we agree with the court that the cross claims arise under the contract (*see Tourtellot v Harza Architects, Engrs. & Constr. Mgrs.*, 55 AD3d 1096, 1097-1098 [2008]). Further, we agree with the court's conclusion that defendant owners failed to demonstrate any basis for denying enforcement of the forum selection provision (*see Premium Risk Group v Legion Ins. Co.*, 294 AD2d 345, 346 [2002]). Present—Smith, J.P., Centra, Fahey, Green and Pine, JJ.