In actions to recover damages for personal injuries, etc., which were joined for discovery, the defendants appeal from an order of the Supreme Court, Richmond County (Maltese, J.), dated February 10, 2009, which denied their motion pursuant to CPLR 327 (a) to dismiss the complaints of those plaintiffs who reside outside of New York State on the ground of forum non conveniens.
Ordered that the order is reversed, on the law, on the facts, and in the exercise of discretion, with costs, and the defendants’ motion pursuant to CPLR 327 (a) to dismiss the complaints of the plaintiffs who reside outside of New York State is granted on condition that the defendants stipulate (1) that they will accept service of process in newly commenced out-of-state actions upon the same causes of action as those asserted in the instant complaints by the out-of-state plaintiffs; (2) that they will waive any defenses which were not available to them in New York at the time of service upon them of a copy of this decision and order; (3) that each deposition of any of their home-office employees taken by a plaintiffs counsel may be cross-noticed and deemed to be taken in all of the cases of that counsel; and (4) that, in the new forum, they will not raise any objection to having their home-office employees appear for deposition or trial on the ground of venue or location of the lawsuit; the out-of-state plaintiffs’ time to commence the new actions shall be within 90 *1020 days after service of the stipulation upon the plaintiffs; and it is further,
Ordered that the defendants’ time to stipulate shall be within 30 days after service upon them of a copy of this decision and order; in the event that the defendants fail to so stipulate, then the order is affirmed, with costs.
Oxycontin is an opioid analgesic drug containing oxycodone hydrocholoride, which allegedly has a high potential for abuse. After 1,117 personal injury actions were commenced and settled in New York State by numerous plaintiffs, of whom 924 were not residents of New York State, a second wave of lawsuits followed. The plaintiffs in the second wave, like those in the first, claim to have been injured or derivatively injured by the ingestion of prescription Oxycontin. The second wave originally consisted of 19 additional complaints filed by a Long Island law firm which had been advertising for plaintiffs. Only one of the plaintiffs in the second wave was a New York resident; none of the nonresident plaintiffs alleged that he or she had any connection to New York. As of the time this appeal was taken, however, there were 246 actions pending in Richmond County on behalf of nonresident plaintiffs and 29 pending on behalf of resident plaintiffs. The numbers have increased since the filing of the appeal. The nonresident plaintiffs come from more than 40 states and Puerto Rico. An order of coordination pursuant to 22 NYCRR 202.69 placed of all the actions in Richmond County, where the coordinating Justice denied the defendants’ motion to dismiss the complaints of the out-of-state plaintiffs on the ground of forum non conveniens. The defendants appeal.
The Court of Appeals has said that, “[o]rdinarily, nonresidents are permitted to enter New York courts to litigate their disputes as a matter of comity. Obviously, however, our courts are not required to add to their financial and administrative burdens by entertaining litigation which does not have any connection with this State. The common-law doctrine of forum non conveniens, also articulated in CPLR 327, permits a court to . . . dismiss such actions where it is determined that the action, although jurisdictionally sound, would be better adjudicated elsewhere” (Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 478-479 [1984] [footnote omitted]). The Supreme Court held that the actions brought by the nonresident plaintiffs should be adjudicated in New York State. We disagree and reverse, because we conclude that, although jurisdictionally sound, the actions brought by the nonresidents would be better adjudicated elsewhere.
On a motion to dismiss on the ground of forum non conveni *1021 ens, the burden is on the defendant challenging the forum to demonstrate that considerations relevant to private or public interest militate against accepting or retaining the litigation (see Prestige Brands, Inc. v Hogan & Hartson, LLP, 65 AD3d 1028, 1029 [2009]; Stravalle v Land Cargo, Inc., 39 AD3d 735, 736 [2007]). “Among the factors the court must weigh are the residency of the parties, the potential hardship to proposed witnesses including, especially, nonparty witnesses, the availability of an alternative forum, the situs of the underlying actionable events, the location of evidence, and the burden that retention of the case will impose upon the New York courts” (Turay v Beam Bros. Trucking, Inc., 61 AD3d 964, 966 [2009]; see Jackam v Nature’s Bounty, Inc., 70 AD3d 1000, 1001 [2010]; Tiger Sourcing [HK] Ltd. v GMAC Commercial Fin. Corporation-Can., 66 AD3d 1002, 1003 [2009]). Also of importance, inter alia, is the extent to which the defendant will face particular difficulties in litigating the claim in this State (see Banco Ambrosiano v Artoc Bank & Trust, 62 NY2d 65, 73 [1984]; Varkonyi u S.A. Empresa De Viacao Airea Rio Grandense [Varig], 22 NY2d 333, 338 [1968]; Waterways Ltd. v Barclays Bank PLC, 174 AD2d 324, 327 [1991]). In this case, these considerations weigh heavily against retaining the actions of the nonresident plaintiffs.
There is no significant dispute that the Oxycontin involved was not manufactured in New York, and the defendant’s corporate offices are not located in this State. None of the nonresident plaintiffs purchased Oxycontin in New York, none ingested the drug here and, importantly, none received treatment for alleged resulting injuries in this State. Consequently, witnesses with critical information on both proximate cause and damages do not reside in New York. That fact presents substantial difficulties for the defendants inasmuch as New York courts lack the authority to subpoena out-of-state nonparty witnesses (see Judiciary Law § 2-b [1]; Wiseman v American Motors Sales Corp., 103 AD2d 230, 234 [1984] [“service of a subpoena on a nonparty witness outside this State is void because no authorization for such service exists”]). Moreover, “[u]nder established conflict of laws principles, the applicable law should be that of ‘the jurisdiction which, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation’ ” (Matter of Doe, 14 NY3d 100,109 [2010], quoting Babcock v Jackson, 12 NY2d 473, 481 [1963]; see King v Car Rentals, Inc., 29 AD3d 205, 208 [2006]). Thus, inasmuch as the hundreds of nonresident plaintiffs come from almost all of the 50 states and Puerto Rico, should New York courts retain those cases, they might well be called upon to apply different principles of *1022 law to identical claims. Moreover, under the circumstances presented here, we can find no strong counterbalancing consideration for retaining the cases of the out-of-state plaintiffs in our courts. Consequently, we find that the Supreme Court improvidently exercised its discretion in denying the defendant’s motion to dismiss. Nevertheless, in order to ensure the availability of a forum for the claims of the nonresident plaintiffs, our reversal is conditioned on the defendants’ entering into a stipulation as indicated herein (see Jackam v Nature’s Bounty, Inc., 70 AD3d at 1002; Turay v Beam Bros. Trucking, Inc., 61 AD3d at 967; Brinson v Chrysler Fin., 43 AD3d 846, 848 [2007]). Prudenti, P.J., Fisher, Roman and Sgroi, JJ., concur. [Prior Case History: 23 Misc 3d 974 (2009).]