Bank of N.Y. Mellon v O'Callahan (2021 NY Slip Op 00383)





Bank of N.Y. Mellon v O'Callahan


2021 NY Slip Op 00383


Decided on January 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 26, 2021

Before: Gische, J.P., Kern, Moulton, Shulman, JJ. 


Index No. 850096/15 Appeal No. 12947-12947A Case No. 2020-02666 

[*1]The Bank of New York Mellon, Formerly Known as The Bank of New York, etc., Plaintiff-Respondent,
v
Susan O'Callahan, Defendant-Appellant, New York City Parking Violations Bureau, et al., Defendants.


Law Offices of Christopher Thompson, West Islip (Christopher Thompson of counsel), for appellant.
Davidson Fink LLP, Rochester (Ashley E. Ragan of counsel), for respondent.



Amended order, Supreme Court, New York County (Arlene P. Bluth, J.), entered December 2, 2019, which to the extent appealed from as limited by the briefs, granted plaintiff bank's cross motion for summary judgment as against defendant Susan O'Callahan, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered November 7, 2019, which ordered that the court was preparing an order with respect to the hearing and summary judgment motion, unanimously dismissed, without costs.
Plaintiff established standing to commence this foreclosure action by submitting a copy of the mortgage, a copy of the note, indorsed in blank, on which it is undisputed that defendant defaulted, and a copy of the mortgage assignment, all of which were attached to the complaint (see U.S. Bank N.A. v Hossain, 177 AD3d 547, 548 [1st Dept 2019]; Wilmington Sav. Fund Socy., FSB v Moran, 175 AD3d 1196 [1st Dept 2019]). Contrary to defendant's contention, the indorsement in blank was not affixed to an allonge but was instead "Page 4 of 4" of the subject note. By defendant's own admission, the mortgaged property was not her primary residence, and thus the mortgage was not a "home loan" for purposes of RPAPL 1304(6)(a)(1)(iii). Plaintiff demonstrated its compliance with the notice provisions contained in the mortgage.
"[T]he record affords no non-speculative ground" for defendant's belief that further discovery would "yield evidence supportive of a different conclusion" (Turbel v SociÉtÉ Generale, 276 AD2d 446, 447 [1st Dept 2000]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 26, 2021