Alston v Divine Bros. Co. (2021 NY Slip Op 04097)





Alston v Divine Bros. Co.


2021 NY Slip Op 04097


Decided on June 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 29, 2021

Before: Manzanet-Daniels, J.P., Kern, Mazzarelli, Shulman, JJ. 


Index No. 26445/19E Appeal No. 14138 Case No. 2020-02737 

[*1]Eric Sean Alston, Jr., Plaintiff-Appellant-Respondent,
v
Divine Brothers Company, Defendant-Respondent-Appellant.


Weitzman Law Offices, L.L.C., New York (Raphael Weitzman of counsel), for appellant-respondent.
Knych & Whritenour, LLC, Syracuse (Matthew E. Whritenour of counsel), for respondent-appellant.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered February 25, 2020, which granted defendant's motion to dismiss the complaint on the ground of forum non conveniens, unanimously affirmed, without costs, and defendant's cross appeal therefrom unanimously dismissed, without costs.
Supreme Court providently exercised its discretion in dismissing this strict products liability personal injury action on the ground of forum non conveniens (CPLR 327[a]; see Jackam v Nature's Bounty, Inc., 70 AD3d 1000 [2d Dept 2010]; see generally Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 478-479 [1984], cert denied 469 US 1108 [1985]). Ohio is the situs of the accident and the identified witnesses, and plaintiff failed to rebut defendant's factual showing that he was a resident of Ohio at all relevant times. Defendant is not aggrieved by the order granting its motion to dismiss
(see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 544-545 [1983]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 29, 2021