| Libertas Funding, LLC v Travelland RV |
|:---:|
| 2024 NY Slip Op 30415(U) |
| February 6, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 533254/2023 |
| Judge: Leon Ruchelsman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: CIVIL TERM: COMMERCIAL PART 8
-------------------------------------------x
LIBERTAS FUNDING, LLC,

                              Plaintiff,        Decision and order

        - against -                             Index No. 533254/2023

TRAVELLAND RV, INC. AND KEVIN MICHAEL
MUNSTERMANN,

                              Defendants,        February 6, 2024
-------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN               Motion Seq. #1 & #2


        The plaintiff has moved seeking summary judgement pursuant

to CPLR §3212 arguing there are no questions of fact the

defendants owe the money sought.  The defendants have cross-moved

seeking to dismiss the complaint on the grounds of lack of

jurisdiction.  The motions have been opposed respectively.

Papers were submitted by the parties and after reviewing all the

arguments this court now makes the following determination.

        On August 7, 2023, the plaintiff a merchant cash advance

funding provider entered into a contract with defendants who

reside in Washington state.  Pursuant to the agreement the

plaintiff purchased $198,000 of defendant's future receivable for

$150,000.  The defendant Kevin Munstermann guaranteed the

agreement.  The plaintiff asserts the defendants stopped

remittances in October 2023 and now owe $158,819.50.  The

plaintiff asserts the defendants breached the agreement by

changing the bank wherein the funds were to be withdrawn without

notifying the plaintiff and by failing to pay amounts when due.

[*1]

This action was commenced and now the plaintiff seeks summary judgement arguing there can be no questions of fact the defendants owe the amount outstanding and judgement should be granted in their favor. The defendants oppose the motion arguing there has been no jurisdiction conferred upon the defendants and in any event there are questions of fact which preclude a summary determination at this time.

## Conclusions of Law

Where the material facts at issue in a case are in dispute summary judgment cannot be granted (Zuckerman v. City of New York, 49 NYS2d 557, 427 NYS2d 595 [1980]). Generally, it is for the jury, the trier of fact to determine the legal cause of any injury, however, where only one conclusion may be drawn from the facts then the question of legal cause may be decided by the trial court as a matter of law (Marino v. Jamison, 189 AD3d 1021, 136 NYS3d 324 [2d Dept., 2021).

It is well settled that the parties to an agreement may freely select any forum to resolve any disputes regarding the interpretation or performance of the agreement (Brooke Group v. JCH Syndicate 488, 87 NY2d 530, 640 NYS2d 479 [1996]). Further, a forum selection clause is prima facie valid "unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or

2

overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court" (see, Stravalle v. Land Cargo Inc., 39 AD3d 735, 835 NYS2d 606 [2d Dept., 2007]). In this case the agreement states that "any lawsuit, action or proceeding arising out of or in connection with this Agreement shall be instituted exclusively in any court sitting in New York State (the "Acceptable Forums"). Each party signing this Agreement agrees that the Acceptable Forums are convenient, and irrevocably submits to the jurisdiction of the Acceptable Forums and waives any and all objections to inconvenience of the jurisdiction or venue. Should a proceeding be initiated in any other forum, the parties waive any right to oppose any motion or application made by either party to transfer such proceeding to an Acceptable Forum" (see, Agreement of sale of Future Receipts, ¶46 [NYSCEF Doc. No. 2]).

The defendants argue that notwithstanding the forum selection clause, pursuant to Business Corporation Law §1314(b) no such basis for jurisdiction exists. That statute states that a nonresident may not maintain an action against a foreign corporation. The statute does enumerate five exceptions, namely (1) the action is brought to recover damages arising from the breach of a contract made or to be performed in New York; (2) the subject matter of the litigation is within New York; (3) the

3

cause of action arose within New York; (4) the non-domiciliary would be subject to personal jurisdiction under CPLR §302; and (5) the defendant is a foreign entity doing business or authorized to do business in New York. The defendants assert that none of the exceptions apply and that consequently no subject matter jurisdiction has been conferred. The plaintiff counters that Business Corporation Law §1314(b) cannot bar the action because the plaintiff is a limited liability company and not a corporation. It is true that Business Corporation Law §1314(b) only applies to corporations and not limited liability companies (see, Pinnacle Business Funding LLC v. Muharib, 2023 WL 6940304 [Supreme Court Kings County 2023]). Thus, Business Corporation Law §1314(b) cannot be valid grounds upon which to object to jurisdiction.

Indeed, there are no grounds to object to jurisdiction. Further, there are no other grounds presented opposing the motion seeking summary judgement. Thus, the motion seeking summary judgement is granted and the cross-motion seeking to dismiss is hereby denied.

So ordered.

                    ENTER:

DATED: February 6, 2024
       Brooklyn N.Y.              _____
                                  Hon. Leon Ruchelsman
                                  JSC

4

[*4]