■ UNITED JERSEY BANK, Appellant, v MELVIN WEINTRAUB et al., Respondents. [659 NYS2d 491] —In an action, inter alia, to recover on promissory notes and personal guarantees, the plaintiff appeals from (1) a decision of the Supreme Court, Westchester County (Nastasi, J.), entered November 12, 1996, and (2) an order of the same court, dated November 26, 1996, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 327 on the ground of forum non conveniens.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see, Schicchi v Green Constr. Corp., 100 AD2d 509); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

This action to recover on promissory notes and personal guarantees was brought by a New Jersey plaintiff against three defendants, two of whom are located in New York. On this motion to dismiss pursuant to CPLR 327, the defendants bore the burden of demonstrating that the instant action should not be adjudicated in New York (see, Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479).

The plaintiff alleges that collateral for the loans originally included real property in both New York and New Jersey. However, the defendants established that the issues in dispute involve two New Jersey parcels. The defendants contend that, pursuant to a settlement agreement, they expended substantial funds to bring those parcels in compliance with New Jersey environmental regulations, but the plaintiff then reneged on the agreement, and commenced the instant action. The court granted the defendants' motion to dismiss pursuant to CPLR 327 on the ground that New York is an inconvenient forum, noting that the relevant witnesses with respect to this dispute would be from New Jersey. We agree. Under the circumstances, the fact that two of the three defendants are located in New York was an insufficient basis to retain the action in New York (see, Dawson v Seenardine, 232 AD2d 521).

Accordingly, the court did not improvidently exercise its discretion when it granted the defendants' motion. Bracken, J. P., Santucci, Goldstein and Luciano, JJ., concur.