■ ANNA HALBERTHAL et al., Appellants, v ISERE HALBERTHAL et al., Respondents, et al., Defendant. [691 NYS2d 912] —In an action, *inter alia*, to recover damages for conversion, the plaintiffs Anna Halberthal and Frieda Landau appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Belen, J.), dated May 28, 1998, as denied their motion for a preliminary injunction and an order of attachment and granted the cross motion of the defendants Isere Halberthal and Margaret Halberthal to dismiss the complaint insofar as asserted against them on the grounds of forum non conveniens and lack of standing.

Ordered that the order is affirmed insofar as appealed from, with costs.

The respondents met their burden of demonstrating that the instant action should not be adjudicated in New York (*see, Islamic Republic of Iran v Pahlavi,* 62 NY2d 474, 479, *cert denied* 469 US 1108). The complaint sought, *inter alia*, to distribute pursuant to the Belgian laws of intestacy certain assets which purportedly belonged to the estate of a Belgian citizen who died in Belgium. Since there were already two actions related to the administration of the estate pending in Belgium and the subject assets had minimal ties to New York, we find that the Supreme Court did not improvidently exercise its

discretion in granting the respondents' motion to dismiss the complaint insofar as asserted against them on the ground of forum non conveniens (*see,* CPLR 327 [a]; *Islamic Republic of Iran v Pahlavi, supra; Banco Ambrosiano v Artoc Bank & Trust,* 62 NY2d 65, 73; *United Jersey Bank v Weintraub,* 240 AD2d 656).

In light of this determination, we do not reach any of the remaining issues raised on appeal. O'Brien, J. P., Sullivan, H. Miller and Smith, JJ., concur.