■ VASSILOS KEFALAS, Respondent, v THOMAS KONTOGIANNIS et al., Appellants, et al., Defendants. [848 NYS2d 180]—

In an action, inter alia, to recover damages for breach of contract, the defendants Thomas Kontogiannis, Olympicorp International Limited, Interamerican Mortgage Corp., C.I.P. Mortgage Corp., Olympicorp International LLC, Domika Ylika Thraces S.A., and Domoblock S.A., appeal from an order of the Supreme Court, Queens County (Satterfield, J.), dated January 3, 2006, which denied their motion pursuant to CPLR 327 to

dismiss the complaint insofar as asserted against them on the ground of forum non conveniens.

Ordered that the order is affirmed, with costs.

On a motion pursuant to CPLR 327 to dismiss on the ground of forum non conveniens, the burden is on the movant to demonstrate the relevant private or public interest factors which militate against accepting the litigation (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474 [1984], *cert denied* 469 US 1108 [1985]; *Stravalle v Land Cargo, Inc.*, 39 AD3d 735 [2007]). Among the factors the court must weigh are the residency of the parties, the potential hardship to proposed witnesses, the availability of an alternative forum, the situs of the actionable events, and the burden which will be imposed upon the New York courts, with no one single factor controlling (*see Stravalle v Land Cargo, Inc.*, 39 AD3d at 735). In general, the trial court's determination will not be disturbed on appeal unless the court failed to properly consider all the relevant factors (*id.*). Here, we find no basis to disturb the Supreme Court's determination.

Moreover, the appellants are guilty of laches. Having participated in the action for more than two years, through voluminous disclosure and the filing of a note of issue, the appellants cannot now claim that New York is an inconvenient forum (*see Bock v Rockwell Mfg. Co.*, 151 AD2d 629 [1989]; *Corines v Dobson*, 135 AD2d 390 [1987]). Miller, J.P., Ritter, Goldstein and Dickerson, JJ., concur.