██ Aleksander Smolik, Appellant, v Turner Construction Company et al., Respondents. [851 NYS2d 616]—

In an action to recover damages for personal injuries, the

plaintiff appeals from an order of the Supreme Court, Kings County (Balter, J.), dated November 27, 2006, which granted the defendants' separate motions pursuant to CPLR 327 to dismiss the complaint on the ground of forum non conveniens.

Ordered that the order is affirmed, with one bill of costs.

On March 10, 2006 the plaintiff, a resident of Kings County, allegedly was injured while working at a New Jersey construction site for a New Jersey employer. Initially, he was treated for his injuries at a New Jersey hospital and subsequently filed a New Jersey workers' compensation claim. One known witness to the occurrence is a New Jersey resident. In May 2006 the plaintiff commenced this action against the defendant Turner Construction Company (hereinafter Turner), the construction manager for the project at which the plaintiff was working, and the defendant Metrovest Equities, Inc. (hereinafter Metrovest), the entity which retained the plaintiff's employer to perform work at the site. Both Turner and Metrovest were New York corporations doing business in New Jersey.

In August 2006 Turner and Metrovest separately moved pursuant to CPLR 327 (a) to dismiss the complaint on the ground of forum non conveniens. The Supreme Court granted both motions. We affirm.

"The common-law doctrine of *forum non conveniens,* also articulated in CPLR 327 (a), permits a court to stay or dismiss . . . actions where it is determined that the action, although jurisdictionally sound, would be better adjudicated elsewhere" (*Islamic Republic of Iran v Pahlavi,* 62 NY2d 474, 478-479 [1984], *cert denied* 469 US 1108 [1985]; *see Rosenberg v Stikeman Elliott, LLP,* 44 AD3d 840, 840-841 [2007]). The burden is on the defendant challenging the New York forum chosen by the plaintiff to demonstrate relevant private or public interest factors which militate against accepting the litigation in that forum (*see Islamic Republic of Iran v Pahlavi,* 62 NY2d at 479). "Among the factors the court must weigh are the residency of the parties, the potential hardship to proposed witnesses, the availability of an alternative forum, the situs of the actionable events, and the burden which will be imposed upon the New York courts, with no single factor controlling" (*Kefalas v Kontogiannis,* 44 AD3d 624, 625 [2007]; *see Brinson v Chrysler Fin.,* 43 AD3d 846 [2007]). New York courts are not compelled to retain jurisdiction over any case which does not have a substantial nexus to New York (*see Wentzel v Allen Mach.,* 277 AD2d 446, 447 [2000]; *United Jersey Bank v Weintraub,* 240 AD2d 656 [1997]; *Dawson v Seenardine,* 232 AD2d 521 [1996]). The determination of a motion to dismiss on the ground of

forum non conveniens rests within the discretion of the trial court and such determination will not be disturbed "absent an improvident exercise of that discretion or a failure to consider the relevant factors" (*Brinson v Chrysler Fin.*, 43 AD3d at 848).

Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting the defendants' motions to dismiss the complaint on the ground of forum non conveniens (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474 [1984]; *Stravalle v Land Cargo, Inc.*, 39 AD3d 735, 736 [2007]; *United Jersey Bank v Weintraub*, 240 AD2d 656 [1997]; *Stamm v Deloitte & Touche*, 202 AD2d 413, 414 [1994]; *cf. Rosenberg v Stikeman Elliott, LLP*, 44 AD3d 840 [2007]). Ritter, J.P., Miller, Dillon and Angiolillo, JJ., concur.