■ Abdul Turay, Respondent, v Beam Brothers Trucking, Inc., et al., Appellants. [878 NYS2d 391]—

In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated May 12, 2008, as denied that branch of their motion which was to dismiss the complaint pursuant to CPLR 327 on the ground of forum non conveniens.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, that branch of the defendants' motion which was pursuant to CPLR 327 to dismiss the complaint on the ground of forum non conveniens is granted on condition that within 30 days after service upon them of a copy of this decision and order, the defendants stipulate (1) to accept service of process in a new action in the State of North Carolina upon the same causes of action as those asserted in the instant complaint, and (2) to waive any defense of the statute of limitations not available in New York at the time of the commencement of this action, all provided that the new action is commenced within 30 days after service of the stipulation upon the plaintiff; in the event that the defendants fail to so stipulate, then the order is affirmed insofar as appealed from, with costs.

On July 17, 2004, on Interstate 40, near Greensboro, North Carolina, a car driven by the plaintiff, Abdul Turay, and a truck driven by the defendant Mitchell Dwight collided with each other. Turay's vehicle left the road, flipped over in a ditch, and landed on its side. Turay and the six passengers in his vehicle, all of whom were members of his family, were taken to a hospital in North Carolina. Turay allegedly has lived and worked in Kings County for many years. His family lives in Philadelphia, Pennsylvania, and Turay allegedly resides there on weekends. The defendant Beam Brothers Trucking, Inc. (hereinafter Beam Brothers), the owner of the truck, is located in Virginia. Dwight, a Beam Brothers employee, resided in Virginia. In July 2007, the plaintiff commenced this action in Kings County against Beam Brothers and Dwight. The defendants moved, inter alia, to dismiss the complaint pursuant to CPLR 327 on the ground of forum non conveniens. The Supreme Court denied that branch of the defendants' motion, and we reverse.

New York courts are not compelled to retain jurisdiction over any case which does not have a substantial nexus to New York (*see Silver v Great Am. Ins. Co.*, 29 NY2d 356, 361 [1972];

*Wentzel v Allen Mach.*, 277 AD2d 446, 447 [2000]; *United Jersey Bank v Weintraub*, 240 AD2d 656 [1997]; *Dawson v Seenardine*, 232 AD2d 521 [1996]; *Stamm v Deloitte & Touche*, 202 AD2d 413 [1994]; *Manaster v Northstar Tours*, 193 AD2d 651, 651-652 [1993]). The doctrine of forum non conveniens, which embodies this principle, is codified in CPLR 327 (a): "When the court finds that in the interest of substantial justice the action should be heard in another forum, the court, on the motion of any party, may stay or dismiss the action in whole or in part on any conditions that may be just. The domicile or residence in this state of any party to the action shall not preclude the court from staying or dismissing the action."

On a motion to dismiss on the ground of forum non conveniens, the burden is on the movant to demonstrate the relevant private or public interest factors that militate against a New York court's acceptance of the litigation (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478-479 [1984], *cert denied* 469 US 1108 [1985]; *Stravalle v Land Cargo, Inc.*, 39 AD3d 735, 736 [2007]). Among the factors the court must weigh are the residency of the parties, the potential hardship to proposed witnesses including, especially, nonparty witnesses, the availability of an alternative forum, the situs of the underlying actionable events, the location of evidence, and the burden that retention of the case will impose upon the New York courts. No single factor controls, so that the fact that a particular litigant resides in New York is not dispositive (*see Smolik v Turner Constr. Co.*, 48 AD3d 452, 454 [2008]; *Kefalas v Kontogiannis*, 44 AD3d 624, 625 [2007]; *Brinson v Chrysler Fin.*, 43 AD3d 846, 848 [2007]; *Stravalle v Land Cargo, Inc.*, 39 AD3d at 736). A court's determination will not be disturbed on appeal unless that court failed to properly consider all the relevant factors or improvidently exercised its discretion in deciding the motion (*see Smolik v Turner Constr. Co.*, 48 AD3d at 454; *Rosenberg v Stikeman Elliott, LLP*, 44 AD3d 840, 841 [2007]).

Here, even accepting that Turay is a resident of New York, the motion should have been granted (*see Smolik v Turner Constr. Co.*, 48 AD3d at 453). The record establishes that the collision occurred in North Carolina, and police and medical personnel from that state were involved in the case and will likely be necessary and important witnesses (*see Cheggour v R'Kiki*, 293 AD2d 507, 508 [2002]). Moreover, there is no record evidence, but only conclusory assertions, as to the involvement of New York physicians (*see Brinson v Chrysler Fin.*, 43 AD3d at 848). Also, the defendants have little or no connection to New York. Further, the burden of adjudicating the case in New

York, given that North Carolina has the most significant nexus to the case, militates against retaining the action in this state. Under the circumstances, the Supreme Court improvidently exercised its discretion in denying that branch of the defendants' motion which was to dismiss the case on the ground of forum non conveniens.

In order to assure the availability of a forum for the action, our reversal and granting of the branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 327 is conditioned on the defendants stipulating to waive jurisdictional and statute of limitations defenses as indicated herein (*see* CPLR 327 [a]; *Cheggour v R'Kiki,* 293 AD2d at 507). Skelos, J.P., Fisher, Miller and Eng, JJ., concur.