■ Kadi Kargbo-Turay et al., Respondents, v Beam Brothers Trucking, Inc., Appellant, and Abdul C. Turay, Respondent, et al., Defendant. [885 NYS2d 615]—In an action to recover damages for personal injuries, the defendant Beam Brothers Trucking, Inc., appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated May 12, 2008, as denied that branch of its motion which was, in effect, pursuant to CPLR 327 to dismiss the complaint and all cross claims insofar as asserted against it on the ground of forum non conveniens.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, that branch of the motion of the appellant which was, in effect, pursuant to CPLR 327 to dismiss the complaint and all cross claims insofar as asserted against it on the ground of forum non conveniens is granted on condition that within 30 days after service upon it of a copy of this decision and order, the appellant stipulates (1) to accept service of process in a new action in the State of North Carolina upon the same causes of action as those asserted in the instant complaint, and (2) to waive any defense of the statute of limitations not available in New York at the time of the commencement of this action, all provided that the new action is commenced within 30 days after service of the stipulation upon the plaintiffs; in the event that the appellant fails to so stipulate, then the order is affirmed insofar as appealed from, without costs or disbursements.

In a closely related action arising out of the same incident, we held that the motion for dismissal under the doctrine of forum non conveniens pursuant to CPLR 327 (a) should have been granted, with certain conditions (*see Turay v Beam Bros. Trucking, Inc.,* 61 AD3d 964 [2009]). In this case, there is nothing that supports a different result, and we find that "in the interest of substantial justice the action should be heard in another forum" (CPLR 327 [a]).

To assure the availability of a forum for the action, our reversal and granting of the motion to dismiss is conditioned upon the appellant stipulating to waive jurisdictional and statute of limitations defenses as indicated (*see* CPLR 327 [a]; *see Turay v Beam Bros. Trucking, Inc.,* 61 AD3d at 964; *Cheggour v R'Kiki,* 293 AD2d 507 [2002]). Fisher, J.P., Florio, Covello and Dickerson, JJ., concur.