XIU ZHANG YIN, Appellant, v BILL L. BENNETT et al., Defendants, and CHUCK BRAUER TRUCKING, INC., Respondent. [911 NYS2d 422]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens

County (Golia, J.), entered November 27, 2009, which granted the motion of the defendant Chuck Brauer Trucking, Inc., to dismiss the complaint pursuant to CPLR 327 on the ground of forum non conveniens.

Ordered that the order is reversed, on the law and the facts, with costs, and the motion of the defendant Chuck Brauer Trucking, Inc., to dismiss the complaint pursuant to CPLR 327 on the ground of forum non conveniens is denied.

On August 24, 2007, near Chicago, Illinois, a vehicle driven by the plaintiff's wife, the defendant Chun Hong Du, in which the plaintiff was a passenger, collided with a vehicle operated by nonparty Bill L. Bennett, and owned by the defendant Chuck Brauer Trucking, Inc. (hereinafter CBT). CBT is incorporated in the State of Illinois, has its principal place of business in that state, and is primarily engaged in the general business of trucking within a 500-mile radius of its principal place of business. Bennett is an Illinois resident.

The plaintiff, a New York resident, commenced this action in Queens County. CBT moved to dismiss the complaint pursuant to CPLR 327 on the ground of forum non conveniens. The Supreme Court granted the motion, and we reverse.

"The doctrine of forum non conveniens permits a court to dismiss an action when, although it may have jurisdiction over a claim, the court determines that 'in the interest of substantial justice the action should be heard in another forum' " (*National Bank & Trust Co. of N. Am. v Banco De Vizcaya*, 72 NY2d 1005, 1007 [1988], *cert denied* 489 US 1067 [1989], quoting CPLR 327). "The doctrine is flexible, requiring the balancing of many factors in light of the facts and circumstances of the particular case" (*National Bank & Trust Co. of N. Am. v Banco De Vizcaya*, 72 NY2d at 1007). "Among the factors the court must weigh are the residency of the parties, the potential hardship to proposed witnesses including, especially, nonparty witnesses, the availability of an alternative forum, the situs of the underlying actionable events, the location of evidence, and the burden that retention of the case will impose upon the New York courts" (*Turay v Beam Bros. Trucking, Inc.*, 61 AD3d 964, 966 [2009]; *see Rosenberg v Stikeman Elliott, LLP*, 44 AD3d 840, 841 [2007]; *Brinson v Chrysler Fin.*, 43 AD3d 846 [2007]). On a motion to dismiss the complaint on the ground of forum non conveniens, the burden is on the defendant challenging the forum to demonstrate relevant private or public interest factors which militate against accepting the litigation in that forum (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]; *Stravalle v Land Cargo, Inc.*, 39 AD3d 735,

736 [2007]; *Korea Exch. Bank v A.A. Trading Co.*, 8 AD3d 344 [2004]).

Here, CBT did not meet its burden of demonstrating that the balance of convenience was in its favor and, thus, the Supreme Court improvidently exercised its discretion in granting the motion to dismiss pursuant to CPLR 327. Although the accident occurred in Illinois, the plaintiff received some initial medical treatment in that state, CBT's principal place of business is in Illinois, and there is at least one nonparty witness who resides in that state, the plaintiff and the defendant Chun Hong Du reside in New York, and the plaintiff has received extensive, postaccident medical treatment in New York from at least four different health care providers, as detailed in the plaintiff's affidavit (*cf. Turay v Beam Bros. Trucking, Inc.*, 61 AD3d at 966 [no record evidence, only conclusory assertions, as to the involvement of New York physicians]). The plaintiff, who avers that he has been unable to work since the accident, demonstrated that, in light of his and the defendant Chun Hong Du's New York residency, and the New York residency of several nonparty witnesses, it would be a hardship for him and the defendant Chun Hong Du to litigate the case in Illinois. CBT failed to show that it would be inconvenienced by New York litigation any more than the plaintiff and the defendant Chun Hong Du would be inconvenienced by litigation in Illinois, or that retention of this case would pose an unacceptable burden on the New York courts. Under these circumstances, the plaintiff's choice of forum should not have been disturbed (*see Moschera v Muraca*, 148 AD2d 591 [1989]; *O'Connor v Bonanza Intl.*, 129 AD2d 569 [1987]; *Temple v Temple*, 97 AD2d 757 [1983]; *see also Barocas v Gorenstein*, 189 AD2d 847 [1993]; *see generally Banco Ambrosiano v Artoc Bank & Trust*, 62 NY2d 65, 73 [1984]; *cf. Turay v Beam Bros. Trucking, Inc.*, 61 AD3d 964 [2009]; *Brinson v Chrysler Fin.*, 43 AD3d 846 [2007]). Skelos, J.P., Balkin, Chambers and Austin, JJ., concur.