In an action, inter alia, to recover damages for veterinary malpractice and for violations of General Business Law § 349, the plaintiff appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated February 4, 2013, which granted that branch of the defendant’s motion which was to dismiss the complaint on the ground of forum non conveniens pursuant to CPLR 327 (a).
Ordered that the order is modified, on the facts and in the *945 exercise of discretion, by adding a provision thereto that the branch of the defendant’s motion which was to dismiss the action on the ground of forum non conveniens pursuant to CPLR 327 (a) is granted on condition that the defendant stipulates (1) to accept service of process in a new action in the Commonwealth of Pennsylvania upon the same causes of action as those asserted in the instant complaint, and (2) to waive any defense based on the statute of limitations not available in New York at the time of the commencement of this action, all provided that the new action is commenced within 30 days after service of the stipulation upon the plaintiff; as so modified, the order is affirmed, with costs to the defendant, and in the event that the defendant fails to so stipulate within 30 days after service upon it of a copy of this decision and order, then the order is reversed, on the facts and in the exercise of discretion, with costs to the plaintiff, and that branch of the defendant’s motion which was to dismiss the action on the ground of forum non conveniens pursuant to CPLR 327 (a) is denied.
The plaintiffs cat received two kidney transplants, the first of which was unsuccessful, at the defendant veterinary hospital, which is located in Philadelphia, Pennsylvania. The plaintiff, a New York resident, commenced this action in Orange County, alleging veterinary malpractice related to the first, unsuccessful transplant operation. The plaintiff further alleged that the defendant had falsely advertised the cost of its transplant operation, and had billed the plaintiff far in excess of the advertised cost, in violation, inter alia, of consumer protection laws of both New York and Pennsylvania. The defendant moved to dismiss the complaint, inter alia, on the ground of forum non conveniens, asserting that Pennsylvania was the more convenient forum. The Supreme Court granted the motion.
“The doctrine of forum non conveniens permits a court to dismiss an action when, although it may have jurisdiction over a claim, the court determines that ‘in the interest of substantial justice the action should be heard in another forum’ ” (National Bank & Trust Co. of N. Am. v Banco De Vizcaya, 72 NY2d 1005, 1007 [1988], quoting CPLR 327 [a]; see Xiu Zhang Yin v Bennett, 78 AD3d 936, 937 [2010]). “On a motion to dismiss on the ground of forum non conveniens, the burden is on the movant to demonstrate the relevant private or public interest factors that militate against a New York court’s acceptance of the litigation” (Turay v Beam Bros. Trucking, Inc., 61 AD3d 964, 966 [2009]; see Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479 [1984], cert denied 469 US 1108 [1985]; Matter of OxyContin II, 76 AD3d 1019, 1020-1021 [2010]). “Among the factors the *946 court must weigh are the residency of the parties, the potential hardship to proposed witnesses including, especially, nonparty witnesses, the availability of an alternative forum, the situs of the underlying actionable events, the location of evidence, and the burden that retention of the case will impose upon the New York courts” (Turay v Beam Bros. Trucking, Inc., 61 AD3d at 966; see Islamic Republic of Iran v Pahlavi, 62 NY2d at 479; Xiu Zhang Yin v Bennett, 78 AD3d at 937; Matter of OxyContin II, 76 AD3d at 1021; Smolik v Turner Constr. Co., 48 AD3d 452, 453 [2008]).
Here, the Supreme Court did not improvidently exercise its discretion in granting that branch of the defendant’s motion which was to dismiss the complaint on the ground of forum non conveniens. The fact that the witnesses, with the exception of the plaintiff, and evidence are located in Pennsylvania, the fact that Pennsylvania is the situs of the underlying events, the availability of Pennsylvania as an alternative forum, and the burden on the New York courts of retaining a case to which it does not have a substantial nexus militate in favor of dismissal of the action on the ground that Pennsylvania is the more convenient forum (see Turay v Beam Bros. Trucking, Inc., 61 AD3d 964 [2009]; see also Smolik v Turner, 48 AD3d at 454; Rosenberg v Stikeman Elliott, LLP, 44 AD3d 840, 841-842 [2007]). Although the plaintiff asserts that there are three nonparty witnesses located in New York, it is unclear how the identified witnesses would possess any knowledge or evidence relevant to the plaintiff’s claims in this case, and the plaintiff has failed to elucidate what relevant testimony he expects them to give (see Turay v Beam Bros. Trucking, Inc., 61 AD3d at 966).
Therefore, that branch of the defendant’s motion which was to dismiss on the ground of forum non conveniens was properly granted. However, in order to assure the availability of a forum for the action, the Supreme Court’s dismissal should have been conditioned on the defendant’s stipulation to the waiver of jurisdictional and statute of limitations defenses as indicated herein (see Boyle v Starwood Hotels & Resorts Worldwide, Inc., 110 AD3d 938 [2013]; Jackam v Nature’s Bounty, Inc., 70 AD3d 1000, 1002 [2010]; Turay v Beam Bros. Trucking, Inc., 61 AD3d at 967; Cheggour v R’Kiki, 293 AD2d 507 [2002]). Thus, we modify the order accordingly.
Skelos, J.P, Dickerson, Leventhal and Hall, JJ., concur.