(February 10, 2016)

■ THOMAS J. AIKEN, Respondent, et al., Plaintiff, v PATRICK LIOTTA, Appellant. (And a Third-Party Action.) [24 NYS3d 528]—

In a consolidated action, inter alia, to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Kings County (Kurtz, J.), dated February 11, 2014, as denied that branch of his motion which was to dismiss the complaint pursuant to CPLR 327 on the ground of forum non conveniens.

Ordered that the order is affirmed insofar as appealed from, with costs.

On a motion pursuant to CPLR 327 to dismiss on the ground of forum non conveniens, the burden is on the movant to demonstrate the relevant private or public interest factors that militate against a New York court's acceptance of the litigation (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478-479 [1984]; *Stravalle v Land Cargo, Inc.*, 39 AD3d 735, 736 [2007]). "Among the factors the court must weigh are the residency of the parties, the potential hardship to proposed witnesses, the availability of an alternative forum, the situs of the actionable events, and the burden which will be imposed upon the New York courts, with no one single factor controlling" (*Kefalas v Kontogiannis*, 44 AD3d 624, 625 [2007]). A court's determination will not be disturbed on appeal unless that court failed to

properly consider all the relevant factors or improvidently exercised its discretion in deciding the motion (*see Turay v Beam Bros. Trucking, Inc.*, 61 AD3d 964, 966 [2009]; *Smolik v Turner Constr. Co.*, 48 AD3d 452, 453-454 [2008]; *Rosenberg v Stikeman Elliott, LLP*, 44 AD3d 840, 841 [2007]). Here, we find no basis to disturb the Supreme Court's determination. Rivera, J.P., Hall, Roman and Sgroi, JJ., concur.