Harry Keith Monroe, M.D., as Assignee of Suriel, Raymundo, Appellant, 
against
Foremost Signature Insurance Company, Respondent. 




The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for appellant.
Law Offices of Buratti, Rothenberg & Burns (Jennifer A. Joseph of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Louis L. Nock, J.), entered December 18, 2017. The order granted the branch of defendant's motion seeking to dismiss the complaint on the ground of forum non conveniens and denied plaintiff's cross motion for summary judgment.




ORDERED that the order is modified by providing that the branch of defendant's motion seeking to dismiss the complaint on the ground of forum non conveniens is denied; as so modified, the order is affirmed, without costs, and the matter is remitted to the Civil Court to determine the remainder of defendant's motion. 
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for, among other things, an order dismissing the complaint pursuant to CPLR 327, on the ground that the action should have been commenced in New Jersey, where the accident had occurred. Plaintiff opposed defendant's motion on the ground that defendant had failed to establish where the accident had occurred, and cross-moved for summary judgment. By order entered December 18, 2017, the Civil Court granted the branch of defendant's motion seeking to dismiss the complaint pursuant to CPLR 327, without reaching the remaining branches of defendant's motion, and denied plaintiff's cross motion.
Under the doctrine of forum non conveniens, a court may dismiss an action when, although it may have jurisdiction, it determines that, "in the interest of substantial justice the action should be heard in another forum" (CPLR 327 [a]). The doctrine is flexible and requires the balancing of many factors, such as "the residency of the parties, the potential hardship to proposed witnesses including, especially, nonparty witnesses, the availability of an alternative forum, the situs of the underlying actionable events, the location of evidence, and the burden that retention of the case will impose upon the New York courts" (Turay v Beam Bros. Trucking, Inc., 61 AD3d 964, 966 [2009]; see Xiu Zhang Yin v Bennett, 78 AD3d 936 [2010]).
Upon the record before us, we find that defendant failed to demonstrate any potential hardship to proposed witnesses if the action is heard in New York (see Turay, 61 AD3d at 966), and defendant failed to otherwise establish with admissible evidence that "in the interest of substantial justice the action should be heard in another forum" (CPLR 327 [a]). Consequently, the branch of defendant's motion seeking to dismiss the complaint on the ground of forum non conveniens should have been denied.
With respect to plaintiff's cross motion for summary judgment, plaintiff failed to demonstrate its prima facie entitlement to judgment as a matter of law, as the proof submitted in support of its motion failed to establish either that the claim at issue had not been timely denied or that defendant had issued a timely denial of claim form that was conclusory, vague or without merit as a matter of law (see Insurance Law § 5106 [a]; Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order is modified by providing that the branch of defendant's motion seeking to dismiss the complaint on the ground of forum non conveniens is denied, and the matter is remitted to the Civil Court to determine the remainder of defendant's motion. 
PESCE, P.J., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 13, 2019