Sikinyi v Port Auth. of N.Y. & N.J. (2020 NY Slip Op 03683)





Sikinyi v Port Auth. of N.Y. & N.J.


2020 NY Slip Op 03683


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2019-05177
 (Index No. 2133/18)

[*1]Theresa Sikinyi, etc., et al., respondents, 
v
Port Authority of New York and New Jersey, et al., appellants, et al., defendants.


Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Gene K. Kaskiw of counsel), for appellants.
Finkelstein Law Group PLLC, Syosset, NY (Stuart H. Finkelstein of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, etc., the defendants Port Authority of New York and New Jersey, Port Authority Police Department, United Airlines, Inc., Champlain Enterprises, Inc., and/or Champlain Enterprises LLC, doing business as CommutAir/United Express appeal from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated March 28, 2019. The order denied the motion of the defendants Port Authority of New York and New Jersey, Port Authority Police Department, United Airlines, Inc., Champlain Enterprises, Inc., and/or Champlain Enterprises, LLC, doing business as CommutAir/United Express pursuant to CPLR 327 to dismiss the complaint insofar as asserted against them on the ground of forum non conveniens.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the motion of the defendants Port Authority of New York and New Jersey, Port Authority Police Department, United Airlines, Inc., Champlain Enterprises, Inc., and/or Champlain Enterprises, LLC, doing business as CommutAir/United Express is granted on condition that within 30 days after service upon them of a copy of this decision and order, those defendants stipulate (1) to accept service of process in a new action in the State of New Jersey upon the same causes of action as those asserted in the instant complaint, and (2) to waive any defense of the statute of limitations not available in New York at the time of the commencement of this action, all provided that the new action is commenced within 30 days after service of the stipulation upon the plaintiffs; in the event that those defendants fail to so stipulate, then the order is affirmed, with costs.
On a motion pursuant to CPLR 327 to dismiss the complaint on the ground of forum non conveniens, the burden is on the movant to demonstrate the relevant private or public interest factors that militate against a New York court's acceptance of the litigation (see Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479; Stravalle v Land Cargo, Inc., 39 AD3d 735, 736). "Among the factors the court must weigh are the residency of the parties, the potential hardship to proposed witnesses, the availability of an alternative forum, the situs of the actionable events, and the burden which will be imposed upon the New York courts, with no one single factor controlling" (Kefalas v Kontogiannis, 44 AD3d 624, 625). A court's determination of a motion to dismiss on the ground [*2]of forum non conveniens will not be disturbed on appeal unless the court failed to properly consider all the relevant factors or improvidently exercised its discretion in deciding the motion (see Turay v Beam Bros. Trucking, Inc., 61 AD3d 964, 966; Smolik v Turner Constr. Co., 48 AD3d 452, 453-454).
Here, we disagree with the Supreme Court's determination to deny the motion of the defendants Port Authority of New York and New Jersey, Port Authority Police Department, United Airlines, Inc., Champlain Enterprises, Inc., and/or Champlain Enterprises, doing business as CommutAir/United Express (hereinafter collectively the defendants). New York courts need not entertain causes of action lacking a substantial nexus with New York (see Martin v Mieth, 35 NY2d 414, 418; Dawson v Seenardine, 232 AD2d 521). In this case, the accident occurred in New Jersey, the decedent was a resident of New Jersey and, as a result of the accident, received medical treatment in New Jersey before her death; the plaintiff is a resident of Georgia, and none of the potential witnesses are believed to be residents of New York. Although the defendant Port Authority of New York and New Jersey is a statutory resident of New York (see McKinney's Uncons Laws of NY § 7106 [L 1950, ch 301, § 6]), and the defendant Champlain Enterprises, Inc., is a New York corporation, when taking into consideration all of the relevant factors (see e.g. Islamic Republic of Iran v Pahlavi, 62 NY2d 474), we find that the defendants established that New York is an inconvenient forum in which to prosecute this action (see Smolik v Turner Constr. Co., 48 AD3d at 453-454; Rappaport v Robert Travel Bur., 129 AD2d 620).
However, in order to assure the availability of a forum for the action, our reversal and granting of the motion to dismiss the complaint pursuant to CPLR 327 is conditioned on the defendants stipulating to waive jurisdictional and statute of limitations defenses as indicated herein (see CPLR 327[a]; Turay v Beam Bros. Trucking, Inc., 61 AD3d 964).
AUSTIN, J.P., MALTESE, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court