RX Warehouse Pharm., Inc. v 21st Century Ins. Co. (2022 NY Slip Op
50375(U))

[*1]

RX Warehouse Pharm., Inc. v 21st Century Ins. Co.

2022 NY Slip Op 50375(U) [75 Misc 3d 128(A)]

Decided on April 22, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 22, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DONNA-MARIE E.
GOLIA, JJ

2021-224 K C

RX Warehouse Pharmacy, Inc., as Assignee
of Crystal Brush, Appellant, 
against
21st Century Insurance Company, Care of NDC, Respondent.

Law Office of Damin J. Toell, P.C., Damin J. Toell of counsel, for appellant.
Law Offices of Buratti, Rothenberg & Burns, Kenneth F. Popper of counsel, for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Nicholas
W. Moyne, J.), entered April 5, 2021. The order granted the branch of defendant's motion
seeking to dismiss the complaint on the ground of forum non conveniens and denied plaintiff's
cross motion for summary judgment as moot.

ORDERED that the order is reversed, with $30 costs, the branch of defendant's motion
seeking to dismiss the complaint on the ground of forum non conveniens is denied, and the
matter is remitted to the Civil Court for a determination of the remaining branch of defendant's
motion and the merits of plaintiff's cross motion.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
for an order dismissing the complaint on the ground of forum non conveniens (see CPLR
327), arguing that the action should have been commenced in Pennsylvania, where the assignor
resides and the insurance policy was issued, or New Jersey, where the accident had allegedly
occurred. In the alternative, defendant argued that the complaint should be dismissed as the
statute of limitations had expired under the laws of both Pennsylvania and New Jersey, either of
which should be applied in this case. Plaintiff opposed defendant's motion and cross-moved for
summary judgment. By order entered April 5, 2021, the Civil Court granted the branch of [*2]defendant's motion seeking to dismiss the complaint pursuant to
CPLR 327, without prejudice to plaintiff commencing a new action in New Jersey. The court did
not consider the remaining branch of defendant's motion and denied plaintiff's cross motion for
summary judgment as moot.
Under the doctrine of forum non conveniens, a court may dismiss an action when, although it
may have jurisdiction, it determines that, "in the interest of substantial justice the action should
be heard in another forum" (CPLR 327 [a]). The doctrine is flexible and requires the balancing of
many factors, such as "the residency of the parties, the potential hardship to proposed witnesses
including, especially, nonparty witnesses, the availability of an alternative forum, the situs of the
underlying actionable events, the location of evidence, and the burden that retention of the case
will impose upon the New York courts" (Turay v Beam Bros. Trucking, Inc., 61 AD3d 964, 966 [2009]; see Xiu Zhang Yin v Bennet, 78 AD3d
936 [2010]).
In the case at bar, defendant relied upon a New Jersey police crash investigation report to
demonstrate that the underlying accident had occurred in New Jersey and, thus, that the action
should be dismissed based upon forum non conveniens. The police report, offered for the truth of
the matter asserted therein, constituted inadmissible hearsay, as the report was not certified as a
business record (see CPLR 4518 [a]; Gezelter v Pecora, 129 AD3d 1021 [2015]; Hernandez v Tepan, 92 AD3d 721
[2012]; Monroe v Foremost Signature
Ins. Co., 66 Misc 3d 128[A], 2019 NY Slip Op 52042[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2019]; Longevity
Med. Supply, Inc. v 21st Century Ins. Co., 66 Misc 3d 128[A], 2019 NY Slip Op
52041[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Moreover, defendant
could not rely on the copy of the NF-2 no-fault application, which stated where the accident
occurred, because it was first submitted in defendant's reply papers (see GJF Constr. Corp. v Cosmopolitan
Decorating Co., Inc., 35 AD3d 535 [2006]; New Millennium Med. Imaging, P.C. v American Tr. Ins. Co., 50 Misc
3d 145[A], 2016 NY Slip Op 50259[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2016]). In any event, defendant failed to submit sufficient evidence to support a dismissal based
on forum non conveniens (see CPLR 327 [a]). The evidence showed that plaintiff is a
New York corporation and that defendant has offices in New York, and defendant failed to point
to any hardship for possible witnesses or any burden on the New York courts (see Kefalas v Kontogiannis, 44 AD3d
624 [2007]). Upon the record presented, we find that the Civil Court erred in granting the
branch of defendant's motion seeking dismissal based on forum non conveniens.
Accordingly, the order is reversed, the branch of defendant's motion seeking to dismiss the
complaint on the ground of forum non conveniens is denied, and the matter is remitted to the
Civil Court for a determination of the remaining branch of defendant's motion and the merits of
plaintiff's cross motion.
ALIOTTA, P.J., WESTON and GOLIA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 22, 2022