Biotech Surgical Supply v Country Wide Ins. Co. (2022 NY Slip Op
50376(U))

[*1]

Biotech Surgical Supply v Country Wide Ins. Co.

2022 NY Slip Op 50376(U) [75 Misc 3d 128(A)]

Decided on April 22, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 22, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2021-336 Q C

Biotech Surgical Supply, as Assignee of
Jian Zhong Lin, Appellant, 
against
Country Wide Insurance Company, Respondent.

Glinkenhouse Queen, Esqs., Alan Queen of counsel, for appellant.
Thomas Torto, for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Philip
Hom, J.), entered March 16, 2018. The order denied, without prejudice to renewal upon proper
papers, plaintiff's motion to recalculate, from a simple rate to a compound rate, an award of
statutory no-fault interest in a judgment of that court entered February 24, 2017.

ORDERED that the order is reversed, with $30 costs, and plaintiff's motion to recalculate,
from a simple rate to a compound rate, an award of statutory no-fault interest in a judgment
entered February 24, 2017 is granted.
In this action by a provider to recover assigned first-party no-fault benefits for claims
submitted to defendant in 2001, a judgment was entered pursuant to a settlement. The judgment,
entered on February 24, 2017, awarded statutory no-fault interest at a simple rate, pursuant to the
no-fault regulations in effect in 2017 (see 11 NYCRR 65-3.9 [a], effective April 5, 2002).
Plaintiff moved, pursuant to CPLR 5019 (a), to have that interest recalculated pursuant to the
pre-2002 regulations, which required no-fault interest to be calculated at a compound rate
(see former 11 NYCRR 65.15 [h] [1]). By order entered March 16, 2018, the Civil Court
denied plaintiff's motion without prejudice to renewal upon proper papers. The court found that it
could not consider the motion because plaintiff had not included a copy of the stipulation of
settlement in its motion papers.
We find that the Civil Court should not have denied the motion, without prejudice to
renewal, on the ground that a copy of the stipulation of settlement had not been included among
the motion papers, as defendant did not dispute that the action had settled or raise any issues as to
the terms of the settlement agreement, and, under the circumstances presented, a copy of the
stipulation of settlement was not necessary to demonstrate plaintiff's entitlement to interest at a
compound rate (see 11 NYCRR 65-3.9 [b]). The claim involved herein is governed by the
former regulations providing for compound interest (see Matter of B.Z. Chiropractic, P.C. v Allstate Ins. Co., 197 AD3d
144 [2021]; Belt Parkway Imaging,
P.C. v State Wide Ins. Co., 30 Misc 3d 127[A], 2010 NY Slip Op 52229[U] [App Term,
2d Dept, 2d, 11th & 13th Jud Dists 2010]). Since defendant did not demonstrate that
plaintiff prevented it from paying the settlement amount, the motion should have been granted
(see Health Value Med., P.C. v Country
Wide Ins. Co., 66 Misc 3d 127[A], 2019 NY Slip Op 52036[U] [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2019];
Seaside Rehabilitation v Allstate Ins. Co., 63 Misc 3d 162[A], 2019 NY Slip Op
50918[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
Accordingly, the order is reversed and plaintiff's motion to recalculate, from a simple rate to
a compound rate, the award of statutory no-fault interest in the judgment entered February 24,
2017 is granted.
WESTON, J.P., TOUSSAINT and GOLIA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 22, 2022